## L. F. AND J. SANDERS *v.* JOHN W. ROSS.

**Adverse Possession—Instructions—Quieting Title—Ejectment.**

In an action for possession of land, an instruction that if the jury believed from the evidence that the appellants and those under whom they claimed, had been in the continuous possession since 1819, of the land embraced in the deed to S., claiming to the boundary of said land, and that the land in controversy was included by said boundary the law was for appellant, held erroneous, in that the converse of the proposition would be that if the possession had not been continuous since 1819, the law was not for appellants, and was misleading.

**Same.**

The jury should have been instructed that fifteen years uninterrupted adverse possession of land gave a perfect right of entry and would prevail in ejectment against an outstanding elder patent.

APPEAL FROM OWEN CIRCUIT COURT.

October 11, 1870.

OPINION OF THE COURT BY JUDGE LINDSAY:

The motion of appellants for judgment in their favor, notwithstanding the verdict of the jury against them, was properly overruled. The answer denied their ownership, or their right to the possession of the land in controversy, and presented a good defense to the action.

We also think the conflict of evidence warranted the court in refusing them a new trial on the ground that the verdict was against the testimony. Instruction No. 1 asked for by them fails to set out clearly the fact that their possession must have been not only actual and adverse, but *continuous,* for the period of fifteen years before their title would become perfect by reason of possession alone, and was therefore properly refused. But we think they were entitled to an instruction upon this proposition, and we do not agree that the law was correctly given the jury by instruction No. 1 given by the court upon its own motion.

By said instruction the jury were in effect told that if they believed from the evidence that appellants and those under whom they claimed had been in the continuous possession since 1819 of the land embraced in the deed to James Sanders, claiming to the boundary of said land, and that the land in controversy was included by said boundary, then the law was for the appellants. The objection to this instruction is that the converse of the proposition is that if the possession had not been continuous since 1819, the law was not for appellants, and in this we regard it as misleading. Before the adoption of the Revised Statutes, twenty years uninterrupted adverse possession of land gave a perfect right of entry, and would prevail in ejectment against an outstanding elder patent. 4 Dana, 483. Since their adoption, fifteen years gives the same right, and the jury should have been so instructed.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent herewith.

*Scott, for appellants.*
*Landram, Trabue, for appellee.*